# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LUPE AUSTIN et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:13-cv-02152-RCJ-NJK |
| ) | |
| GOVERNMENT EMPLOYEES INSURANCE ) | **ORDER** |
| CO., ) | |
| ) | |
| Defendant. ) | |

This case arises out of a car accident in Clark County, Nevada. Pending before the Court are two identical Motions to Remand (ECF Nos. 9, 10). For the reasons given herein, the Court grants the motions.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs Lupe and Jocelyn Austin were "rear-ended" by an uninsured/underinsured ("UM") driver in Clark County, Nevada on December 10, 2012, causing them injuries in excess of $10,000. (*See* Compl. ¶¶ 8–11, Sept. 24, 2013, ECF No. 1, at 6). At the relevant time, Plaintiffs were covered by a UM Policy issued by Defendant Government Employees Insurance Co. ("GEICO"). (*Id.* ¶ 2). On at least four occasions, Plaintiffs demanded that GEICO pay the policy limits on the UM Policy, but Defendant has refused. (*See id.* ¶¶ 12–13). Plaintiffs sued Defendant in state court for breach of contract. Defendant removed in diversity. Plaintiffs have filed two identical motions to remand.

///

## II. LEGAL STANDARDS

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

## III. ANALYSIS

Plaintiff argues that the policy limits on the UM Policy are $50,000 per person and $100,000 per incident. Plaintiff argues that each Plaintiff in this case therefore has a claim of only $50,000, and that because no single Plaintiff seeks more than $50,000, the amount in controversy is not satisfied:

> This Court has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated. But in multiparty cases, including class actions, we have unyieldingly adhered to the nonaggregation rule stated in *Troy Bank*.

*Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585–86 (2005) (citation omitted). Presumably, either both Plaintiffs are insureds under the Policy or one is an insured and the other is a third-party beneficiary such that each Plaintiff has a claim for $50,000 under the policy. Defendant's sole argument in response that Plaintiffs seek a total of $100,000 under the Policy is therefore not persuasive.

That does not end the analysis, however. Each Plaintiff has sought not only $50,000 under the policy for various kinds of harms, but also attorney's fees and costs. (*See* Compl. 5). Plaintiffs have not sought punitive damages and in fact cannot recover that measure of damages under the contractual claim. The non-economic damages prayed for are capped by the policy limits under the breach of contract claim, and Plaintiffs do not bring any bad faith or other tort claim against Defendant that would allow for this measure of damages beyond the policy limits.

Therefore, only attorney's fees and costs remain to be added to the estimation for the purposes of an amount-in-controversy analysis. Assuming attorney's fees would be owed evenly by each Plaintiff—Defendant has not shown otherwise—Plaintiffs' attorney's fees and costs would have to exceed $50,000 in this case in order for either Plaintiff to be likely to recover more than $75,000. Although it is possible that Plaintiffs' fees and costs could exceed $50,000 in this case, Defendant has made no showing to that effect, and the Court is not convinced by a preponderance of the evidence that either Plaintiff, if successful on her claim, stands to recover more than $75,000 inclusive of fees and costs.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Remand (ECF Nos. 9, 10) are GRANTED, and the case is REMANDED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge